IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVIA FREEBORN<br>　　Plaintiff,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:23-cv-241 |

## LIBERTY INSURANCE CORPORATION'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Liberty Insurance Corporation ("Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.　On August 16, 2023, Plaintiff Sylvia Freeborn filed her Original Petition ("Original Petition") in the County Court at Law of Jim Wells County, under Cause No. 23-08-63094-CV and captioned *Sylvia Freeborn v. Liberty Insurance Corporation*. Liberty was served with citation on August 24, 2023, and filed its Original Answer on September 11, 2023.

### *Nature of the Suit*

2.　This lawsuit involves a dispute over Liberty's handling of Plaintiff's insurance claim for damages from a storm allegedly sustained at her residential property located at 107 North US Highway 21, Orange Grove, Texas 78372. Plaintiff asserts causes of action against Liberty for breach of contract and violations of the Texas Insurance Code.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the remaining parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. Complete Diversity Exists Among Remaining Parties**

4. Upon information and belief, Plaintiff was a citizen of Texas when her Petition was filed, and Plaintiff continues to be a citizen of Texas.

5. Liberty Insurance Corporation is a company organized under the laws of the State of Indiana with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiff and Liberty.

**B. The Amount in Controversy Exceeds $75,000.**

6. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1] Here, Plaintiff claims that her property, which Plaintiff insured through Liberty, sustained storm damage.[2] Plaintiff seeks damages for Liberty's alleged failure to pay Plaintiff what was owed under the terms of her insurance contract.[3] The Policy in effect on the reported date of loss was a LibertyGuard Deluxe Homeowners Policy with coverage limits of $550,900 for the dwelling, $154,760 for other structures, and $330,540 for personal property. Plaintiff seeks actual damages,

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* **Exhibit A**, Original Petition, ¶¶ 7 and 8.
[3] *See* **Exhibit A**, Original Petition ¶¶ 9-13.

2

economic damages, consequential damages, compensatory damages, statutory penalties, exemplary damages, enhanced damages, treble damages, pre-judgment interest, post-judgment interest, and costs of court.[4]  Plaintiff also seeks attorneys' fees for bringing this suit.[5]

7.     Plaintiff pleads in her Original Petition that she "seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs."[6]  However, Plaintiff submitted a pre-litigation DTPA demand letter to Liberty asserting total damages of $331,452.50 (including contract damages, extra-contractual damages, prompt payment penalties and attorneys' fees to date) and seeking payment of $208,702.50 (representing actual damages less deductible and prior payment) with threat that if a lawsuit is filed, Plaintiff would seek "the current, full amount of damages, penalties, interest, and attorney's fees allowed by law."[7]  Thus, given the Policy limits pertinent to Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### *The Removal is Procedurally Correct*

8.     Liberty was first served with Plaintiff's Original Petition in District Court on August 24, 2023.  Therefore, Liberty files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

13.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

14.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

---

[4] *See* **Exhibit A**, Original Petition, ¶¶ 6, 27, 28, 29, and ¶¶ C-E of the Prayer.
[5] *See* **Exhibit A**, Original Petition ¶ 30.
[6] *See* **Exhibit A**, Original Petition at ¶ 6.
[7] *See* **Exhibit B**, Plaintiff's Pre-Litigation Demand Letter.

15. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the Clerk for the County Court at Law for Jim Wells County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Insurance Corporation requests that this action be removed from the County Court at Law for Jim Wells County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP

By: _____
David R. Stephens
State Bar No. 19146100
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:  (210) 227-2200
Facsimile:   (210) 227-4602
dstephens@lsslaw.com

COUNSEL FOR DEFENDANT LIBERTY
INSURANCE CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, Corpus Christi Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 22nd day of September, 2023, addressed to those who do not receive notice from the Clerk of the Court.

Matthew R. Pearson
Jarryd S. Morton
PEARSON LEGAL PC
425 Soledad, Suite 600
San Antonio, Texas 78205
mpearson@pearsonlegalpc.com
jmorton@pearsonlegalpc.com

David R. Stephens