IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVIA FREEBORN<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 2:23-cv-241 |
| LIBERTY INSURANCE<br>CORPORATION<br>    Defendant. | §<br>§<br>§ | |

### DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to the Court's Scheduling Order [Doc. 12], Defendant Liberty Insurance Corporation ("Liberty" and/or "Defendant") files its First Amended Answer and Affirmative Defenses to Plaintiff's Original Petition ("Original Petition"), and would respectfully show as follows:

### I.    AMENDED ANSWER

1. With regard to the allegations paragraph 1 of the Original Petition, Plaintiff's discovery level averment is a nullity due to federal court jurisdiction.

2. Liberty admits that Plaintiff and Plaintiff's property, that is the subject of this lawsuit, are located in Jim Wells County, Texas, but denies the remaining allegations contained in paragraph 2 of the Original Petition. Liberty admits that venue is proper in the United States District Court for the Southern District of Texas – Corpus Christi Division.

3. Upon information and belief, Liberty admits the allegations of residency related to Plaintiff as stated in paragraph 3 of the Original Petition.

4. With regard to the allegations in paragraph 4, and each sub-paragraph thereto, of the Original Petition, Liberty admits it is an insurance company which issued Plaintiff's policy after Plaintiff applied for insurance.

5. With regard to the allegations in paragraph 5 of the Original Petition, Liberty admits it is an insurance company doing business in the State of Texas and that it was served with process through its Registered Agent. Liberty denies the remaining allegations contained in this paragraph.

6. With regard to the allegations in paragraph 6 of the Original Petition, Liberty admits that Plaintiff is pleading this as a first-party insurance case stemming from a severe weather event occurring in May 2021. Liberty denies the remaining allegations in this paragraph or that Plaintiff is entitled to the relief sought.

7. With regard to the allegations in paragraph 7 of the Original Petition, upon information and belief, Liberty admits that Plaintiff owns the property located at 107 North US Highway 281, Orange Grove, Texas 78372 (the "Property"). Liberty admits that it issued LibertyGuard Deluxe Homeowners Policy No. H37-298-648666-40 to Plaintiff for the Property made the basis of this lawsuit with an effective policy period of May 25, 2020 to May 25, 2021 (the "Policy"). Liberty admits that Plaintiff's Policy provides coverage for the Property pursuant to the terms and conditions of the Policy. Liberty denies the remaining allegations in this paragraph.

8. With regard to the allegations in paragraph 8 of the Original Petition, Liberty admits that Plaintiff reported storm damage to the residence that allegedly occurred on or about May 15, 2021. Liberty admits that limited covered damages were observed at Plaintiff's property; however, the damages did not exceed Plaintiff's deductible pursuant to the Policy. Liberty denies the remaining allegations in this paragraph.

9. With regard to the allegations in paragraph 9 of the Original Petition, Liberty admits that on or about October 21, 2021 and May 13, 2022, Plaintiff made a claim for damages allegedly caused by a storm occurring on or about May 15, 2021. Liberty admits that Plaintiff has paid premiums for the issued Policy. Liberty denies the remaining allegations in this paragraph.

10. With regard to the allegations in paragraph 10 of the Original Petition, Liberty admits that it assigned adjusters to investigate, report on and adjust Plaintiff's alleged loss, pursuant to the terms, conditions and limitations of Plaintiffs' policy. Liberty denies the remaining allegations in this paragraph.

11. Liberty admits the allegations in paragraph 11 of the Original Petition.

12. With regard to the allegations contained in paragraph 12 of the Original Petition, Liberty admits that on November 6, 2021, Mr. Andres Garcia of Ladder Now/Seek Now inspected Plaintiff's roof for purposes of installing a tarp at Plaintiff's request. Liberty denies the remaining allegations in this paragraph.

13. With regard to the allegations in paragraph 13 of the Original Petition, Liberty admits that it assigned adjusters to investigate, report on and adjust Plaintiff's alleged loss, pursuant to the terms, conditions and limitations of Plaintiff's policy. Liberty admits that its adjusters were provided opportunities to inspect Plaintiff's property and did, in fact, do so. Liberty denies the remaining allegations in this paragraph.

14. With regard to the allegations in paragraph 14 of the Original Petition, Liberty admits that on or about November 10, 2021, Liberty issued a letter to Plaintiff with a summary of its' findings, an explanation of the denial of coverage, and did not issue a payment; however, Liberty denies it concluded its investigation of Plaintiff's claim at that time.

15. With regard to the allegations in paragraph 15 of the Original Petition, Liberty admits that it engaged the services of engineer Rodolfo E. Serrano, Jr., P.E. of EFI Global, Inc. to inspect the Plaintiff's property. Liberty denies the remaining allegations in this paragraph.

16. With regard to the allegations in paragraph 16 of the Original Petition, Liberty admits that Plaintiff continued to dispute Liberty's coverage determination. Liberty admits that Henry Vega inspected the Plaintiff's property or about September 19, 2022. Liberty denies the remaining allegations in this paragraph.

17. With regard to the allegations in paragraph 17 of the Original Petition, upon information and belief, Liberty admits that Plaintiff's contractor Mike Alexander of Alexander Restoration, was present at the time of Liberty's inspection on or about September 19, 2022. Liberty denies the remaining allegations in this paragraph.

18. Liberty denies the allegations in paragraph 18 of the Original Petition.

19. With regard to the allegations paragraph 19 of the Original Petition, Liberty admits that Plaintiff has engaged attorneys to represent her. Liberty is without sufficient information at this time to admit or deny what costs Plaintiff may have incurred in relation to an investigation of her alleged damages. Upon information and belief, Liberty admits that Plaintiff hired consultant Art Boutin ("Boutin"). Liberty denies the remaining allegations in this paragraph.

20. Liberty denies the allegations in paragraph 20 of the Original Petition.

21. Liberty denies the allegations in paragraph 21 of the Original Petition.

22. Liberty denies the allegations in paragraph 22 of the Original Petition.

23. Liberty denies the allegations in paragraph 23 of the Original Petition.

24. With regard to the allegations in paragraph 24 of the Original Petition, Liberty acknowledges Plaintiff's re-allegation of the foregoing paragraphs; however, Liberty denies that

Plaintiff is entitled to declaratory judgment as alleged in paragraph 24 of the Original Petition. Liberty denies the remaining allegations in this paragraph.

25. With regard to the allegations in paragraph 25 of the Original Petition, Liberty acknowledges Plaintiff's re-allegation of the foregoing paragraphs; however, Liberty denies the allegations in paragraph 25 of the Original Petition and denies that Plaintiff is entitled to the recovery sought.

26. With regard to the allegations in paragraph 26 of the Original Petition, Liberty acknowledges Plaintiff's re-allegation of the foregoing paragraphs. Liberty admits that it is engaged in the business of insurance as defined by the Texas Insurance Code. Liberty denies the remaining allegations in this paragraph, and each sub-paragraph thereto.

27. Liberty denies the allegations in paragraph 27 of the Original Petition and that Plaintiff is entitled to the recovery sought.

28. Liberty denies the allegations in paragraph 28 of the Original Petition and that Plaintiff is entitled to the recovery sought.

29. Liberty denies the allegations in paragraph 29 of the Original Petition and that Plaintiff is entitled to the recovery sought.

30. With regard to the allegations paragraph 30 of the Original Petition, Liberty admits that Plaintiff has engaged attorneys to represent her. Liberty denies the remaining allegations in this paragraph and denies that Plaintiff is entitled to the damages sought.

31. Liberty denies Plaintiff is entitled to the recovery sought in paragraph 31 of the Original Petition.

32. Liberty denies the allegations in paragraph 32 of the Original Petition.

Case 2:23-cv-00241   Document 15-1   Filed on 03/01/24 in TXSD   Page 5 of 17

33. Liberty acknowledges that Plaintiff made a jury demand as stated in paragraph 33 of the Original Petition.

34. With regard to paragraph 34 of the Original Petition, Liberty acknowledges that Plaintiff reserves the right to bring additional causes against Liberty and to amend its Petition as necessary. Liberty likewise reserves the right to answer any amended complaint(s) Plaintiff might file.

35. With regard to the paragraph, and each sub-paragraph thereto, under the section entitled "**X. PRAYER**" of the Original Petition, Liberty denies Plaintiff is entitled to recover the relief sought.

## II.   AFFIRMATIVE DEFENSES

In addition to, and without waiving any of the foregoing, Liberty asserts the following matters as affirmative defenses:

a. Liberty Insurance Corporation issued Policy H37-298-648666-4002 ("the Policy") to Plaintiff Sylvia Freeborn for the property located at 107 North US Highway 281, Orange Grove, Texas 78372 for policy period May 25, 2020 to May 25, 2021. Plaintiff's recovery under the Policy is subject to a $550,900 limit of liability for the dwelling; $154,760 limit of liability for other structures, $330,540 limit of liability for personal property, loss of use of insured location limit of liability of $110,180, and a 1% deductible of $5,509.

b. **Limit of Liability.** Liberty's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" shown on the Policy declarations and in other clauses contained in the Policy sued upon.

c. Liberty asserts all terms, conditions, limitations on coverage, and exclusions set forth in the policy.

6

d. Pursuant to the following provision of the Policy, coverage is limited to loss which occurs within the time period during which the Policy was in effect.

> **AGREEMENT**
> We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.
>
> **SECTION I - EXCLUSIONS**
> **P.   Policy Period**
> This policy applies only to loss which occurs during the policy period.

e. **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property arising from the reported loss. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss arising from the reported loss. Pursuant to the following provision of the Policy, Dwelling and Other Structures coverage is limited to risk of direct physical loss, unless otherwise excluded:

> **SECTION I – PROPERTY COVERAGES**
>
> **A. COVERAGE A – DWELLING**
>
> 1. We cover:
>
>     a. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling, and attached wall-to-wall carpeting;[1]
>
> [. . .]
>
> **SECTION I – PERILS INSURED AGAINST**
> **A. Coverage A – Dwelling And Coverage B – Other Structures**
> 1. We insure against risk of direct physical loss to property described in Coverages **A** and **B**.

---

[1] As amended by Special Provisions – Texas endorsement (FMHO 6100TX 10 17)

7

f. **Normal Wear and Tear and Maintenance.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

> **SECTION I – PERILS INSURED AGAINST**[2]
> [. . .]
> 2. We do not insure, however, for loss:
>    a. Excluded under Section I – Exclusions;
>    [. . .]
>    c. Caused by:
>    [. . .]
>    (5) Seepage, meaning a gradual, continuous, or repeated seepage or leakage of water, steam or fuel over a period of 14 days or more, resulting in damage to the structure, whether hidden or not.
>    (6) Any of the following:
>       (a) Wear and tear, "marring", or deterioration;
>       (b) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;
>       (c) Smog, rust or other corrosion, or wet or dry rot;
>       [. . .]
>       (f) Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;
>
> \* \* \* \*
>
> **SECTION I – EXCLUSIONS**
>    [. . .]
>    B. We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provisions in this policy is covered.
>       [. . .]
>    3. Faulty, inadequate or defective:
>       [. . .]

---

[2] As amended by Special Provisions – Texas endorsement (FMHO 6100TX 10 17)

  **b.** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
  **c.** Materials used in repair, construction, renovation or remodeling; or
  **d.** Maintenance;
  of part or all of any property whether on or off the "residence premises".

 g. **Deductible/Offset.** Liberty is entitled to on offset or credit Plaintiff's damages, if any, in the amount of Plaintiff's deductible. The Policy states:

> **DEDUCTIBLE**
> Unless otherwise noted in this policy, the following deductible provision applies:
>
> Subject to the policy limits that apply, we will pay only that part of the total of all loss payable under Section I that exceed the deductible amount shown in the Declarations.
>
>     \* \* \* \*
>
> **WINDSTORM OR HAIL DEDUCTIBLE – DWELLING**
> **The following special Deductible is added to the policy:**
> For the premium charged, we will pay only that part of the total of covered direct physical loss to property covered under Section I of this policy caused by Windstorm or Hail that exceeds the Windstorm or Hail Deductible as shown on the Declarations as follows:
>
> **A. When this Windstorm or Hail Deductible Applies**
> This Deductible applies in the event of direct physical loss to property covered under this policy caused directly or indirectly by the perils of Windstorm or Hail.

 h. **Neglect.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's, none being admitted, were proximately caused, in whole or in part, by neglect. The policy states:

> **SECTION I – EXCLUSIONS**
> **A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

[. . .]

5. **Neglect**

   Neglect mean neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

i. **Pre-Existing Damages.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

   The following is added by Special Provision – Texas endorsement (FMHO 6100TX 10 17):

   **Pre-existing Damage**
   Pre-existing damage means any damage that occurred prior to the policy inception, including damage arising out of workmanship, repairs and/or lack of repairs from damage that occurred prior to policy inception. This exclusion applies regardless of whether such damage was apparent at the time of the inception of the policy.

j. Pursuant to the following provision of the Policy, Plaintiff's recovery under the Dwelling coverage of the Policy is subject to the following terms, conditions and limitations:

   C. **Loss Settlement**[3]

   Covered property losses are settled as follows:

   [. . .]

   2. Our limit of liability and payment for covered losses to dwelling (including wall to wall carpeting) and other structure(s) under Coverage **A** (Dwelling) and Coverage **B** (Other Structures), not including items listed in Loss Settlement paragraph **C.4.** below, will be at replacement cost subject to the following:

      [. . .]

      e. We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss according to the provisions of **2.a.** and **2.b.** above.

         However, if the cost to repair or replace the damage is both:

         **(1)** less than 5% of the amount of insurance in this policy on the

---

[3] As amended by Special Provisions – Texas endorsement (FMHO 6100TX 10 17)

10

>> building structure(s); and
>> **(2)** less than $2,500
>> We will settle the loss according to the provisions of **2.a.** and **2.b** above whether or not actual repair or replacement is complete.
>
> You disregard the replacement cost loss settlement provisions and make claims under this policy for loss of damage to building structure(s) on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability according to the provisions of this Condition **C. Loss Settlement**.

  k. Plaintiff materially breached her agreement with Liberty as set out in the Policy by failing to comply with all of its applicable provisions. As a result, Liberty was prejudiced as to its performance under the contract and is therefore released from further obligation under the insurance contract and owes Plaintiff no contract damages. Alternatively, there is a failure of consideration on Plaintiff's part due to their failure to comply with the applicable provisions of the Policy.

  l. **Failure of Policy Considerations/Conditions Precedent.** Liberty asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

> **SECTION I —CONDITIONS**[4]
>
> **B. Duties After Loss**[5]
>
> **1. Your Duties After Loss**
> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties. These duties must be performed either by you, or an "insured" seeking coverage, or a representative of either:

---

[4] As amended by Special Provisions – Texas endorsement (FMHO 6100TX 10 17)
[5] As amended by Special Provisions – Texas endorsement (FMHO 6100TX 10 17)

11

> a. Give prompt notice to us or our agent. With respect to a loss caused by the peril of windstorm or hail, that notice must occur no later than 365 days after the date of loss unless the person filing the claim shows good cause as to why the claim was filed after the first anniversary of the date of loss;
> [. . .]
>
> d. Protect the property from further damage. If repairs to the property are required, you must:
>   (1) Make reasonable repairs and necessary repairs to protect the property; and
>   (2) Keep an accurate record of repair expense;
>
> e. Cooperate with us in the investigation of a claim;
> […]
>
> g. As often as we reasonably require:
>   (1) Show the damaged property'
>   (2) Authorize us to obtain records and documents we request and permit us to make copies; and
>
> **G. Suit Against Us**[6]
> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy. Action brought against us must be started from the earlier of two years from the date we accept or reject the claim or three years from the date of the loss that is subject to the claim.

m. Payment for Plaintiff's claim under the Policy is subject to the following conditions:

> **I. Loss Payment.**[7]
> We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.
>
> If we notify you that we will pay your claim, or part of your claim, we must pay within 5 "business days" after we notify you. If payment of your claim or part of your claim requires the performance of an act by you, we must pay within 5 "business days" after the date you perform the act.
>
> [. . . ]

---

[6] As amended by Special Provisions – Texas endorsement (FMHO 6100TX 10 17)
[7] As amended by Special Provisions – Texas endorsement (FMHO 6100TX 10 17)

12

    **K. Mortgage Clause (Without Contribution)**[8]
     1. We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown on the declarations page as interests appear;

  n. Plaintiff cannot prevail on her extra-contractual claims unless and until she proves that Liberty has committed a material breach of the Policy. Plaintiff has not proved that Liberty has committed a material breach of the Policy.

  o. Plaintiff failed to comply with all conditions precedent to her right to recover under the homeowner's insurance policy in that Plaintiff failed to prove that the alleged loss was a covered loss, or Plaintiff failed to segregate the portion of the alleged loss which Plaintiff claims was covered from the portion of the alleged loss which Plaintiff does not assert was covered as required under the doctrine of concurrent causation.

  p. Liberty will assert its right to offset and credit for indemnity amounts already paid to Plaintiff by either Liberty or other third parties.

  q. Plaintiff failed to provide Liberty with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code.

  r. Plaintiff failed to provide Liberty with the written notice required by § 541.154 of the Texas Insurance Code and Section 17.505 of the Texas Business and Commerce Code.

  s. Liberty pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply. Liberty further pleads all other

---

[8] As amended by Special Provisions – Texas Endorsement (FMHO 6100TX 10 19)

13

limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

t.  Plaintiff failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in § 542.056 of the Texas Insurance Code.

u.  Plaintiff failed to present her claim to Liberty pursuant to §38.002 of the Texas Civil Practice & Remedies Code.

v.  Plaintiff's own delays, actions, and omissions in prosecuting this action—which should not inure to their financial benefit—have tolled the accrual of penalty interest under Texas Insurance Code Chapter 542.  Additionally, under equitable principles, Plaintiff has waived, forfeited, is estopped from asserting and has otherwise relinquished her entitlement to an 18% penalty under Texas Insurance Code Chapter 542 or any other delay- or time-based penalty or interest due to Plaintiff's own discretionary delays and inaction in pursuing relief.

w.  Pursuant to §33.003 of the Texas Civil Practice & Remedies Code, as to Plaintiff's claim for a breach of the duty of good faith and fair dealing, Liberty requests that the trier of fact determine the percentage of responsibility for Plaintiff with respect to her causing or contributing to cause in any way the alleged harm for which recovery is sought.

x.  Liberty pleads the limitations on exemplary damages contained in the Texas Civil Practices and Remedies Code, Title 2, §41.001, *et. seq*.  In addition, the Petition and any amendments thereto, to the extent it seeks recovery of exemplary damages, violates Article I, §13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates Liberty's right to substantive and procedural due process as provided in Article I, §19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Moreover, as a matter of state and federal constitutional law, and/or sound public policy, any

14

findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of evidence.

  y.  ***Bona Fide*/Legitimate Dispute.**  A *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement to insurance benefits. Insurers possess the right to value claims differently from their insureds without facing extra-contractual or "bad faith" liability. Liberty would show that a *bona fide* controversy existed regarding the limit of liability and/or the cause(s), scope and/or cost to repair the allegedly covered loss. Accordingly, Liberty's liability has <u>not</u> become "reasonably clear."

  z.  Liberty reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of the loss.

  aa.  For further answer, if needed, Liberty alleges that any prejudgment interest recoverable is limited in accordance with the terms of Texas Finance Code Annotated Sections 304.101 *et seq.*

  bb.  For further answer, if needed, Liberty alleges that in the event Plaintiff is found to be entitled to any damages in this matter, Plaintiff is not entitled to recover prejudgment interest on any future damages.

  cc.  For further answer, if needed, Liberty alleges that any prejudgment interest recoverable is limited pursuant to Section 304.003(c) of the Texas Finance Code.

  dd.  For further answer, if needed, Liberty alleges that any prejudgment interest recoverable should be calculated on the "declining principle" formula and only after all applicable credits and/or offsets are applied.[9]

---

[9] *See, e.g., Brainard*, 216 S.W.3d at 815-17; *State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 821-22 (Tex. 2006).

15

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Company respectfully prays for a judgment that Plaintiff take nothing, that Liberty recover all its costs, and that Liberty be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lsslaw.com
acooke@lsslaw.com

By: _____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*
Anne E. Cooke
State Bar No. 24088395

COUNSEL FOR DEFENDANT LIBERTY INSURANCE COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing Defendant Liberty Insurance Company's First Amended Answer and Affirmative Defenses was filed electronically with the United States District Court for the Southern District of Texas – Corpus Christi Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court on this **1st** day of **March, 2024**, addressed to those who do not receive notice from the Clerk of the Court.

Matthew R. Pearson

Jarryd S. Morton
Pearson Legal, P.C.
425 Soledad, Suite 600
San Antonio, Texas 78205
mpearson@pearsonlegalpc.com
jmorton@pearsonlegalpc.com

 

_____
David R. Stephens / Anne E. Cooke